UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DON REED

                Plaintiff,

v.

PHYSICIAN'S REGIONAL – COLLIER

and

PROFESSIONAL ACCOUNT SERVICES, INC.

                Defendants.

Case No.

## COMPLAINT

NOW COMES Plaintiff, DON REED ("Plaintiff"), by and through his attorneys, hereby alleging the following against Defendants PHYSICIAN'S REGIONAL – COLLIER ("PRC") and PROFESSIONAL ACCOUNT SERVICES, INC. ("PAS" or collectively "Defendants"):

**Nature of the Action**

1. This action arises pursuant to the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA") Fla. Stat. § 559.55., and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") Fla. Stat. § 501.201.

**Parties**

2. Plaintiff is a natural person at all times relevant residing in Navarro County, in the

City of Frost, in the State of Texas.

3.  At all times relevant, Plaintiff was a "consumer," as that term is defined by 15 U.S.C. § 1692(a)(3).

4.  At all times relevant, Plaintiff was a "debtor" or "consumer," as those terms are defined by Fla. Stat. § 559.55(8).

5.  Defendant PRC is a creditor as that term is defined in Fla. Stat. § 559.55(5).

6.  Defendant PRC is a hospital conducting business in the state of Florida with its principal place of business located in Naples, Florida.

7.  Defendant PAS is a debt collector as that term is defined in 15 U.S.C. § 1692a(6).

8.  Defendant PAS is a debt collector conducting business in the state of Florida with its principal place of business located in Brentwood, Tennessee.

9.  At all times relevant to this Complaint, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**Jurisdiction and Venue**

10.  Jurisdiction of this Court arises under 28 U.S.C. § 1331.

11.  Venue is proper pursuant to 28 U.S.C. § 1391(b) because a Defendant resides within this District, and a substantial part of the events or omissions giving rise to the herein claims occurred within this District. Defendant is a resident of this District according to 28 U.S.C. § 1391(c)(2) as they are subject to the court's personal jurisdiction by having their principal place of business in this District.

///

///

2

**Facts**

12.    Plaintiff is a consumer who is the victim of PRC's unlawful debt collection activity in its efforts to recover its own alleged debts.

13.    Plaintiff is also a consumer who is the victim of PAS's unlawful debt collection activity concerning PRC's alleged debts.

14.    Plaintiff is also a victim of deceptive and unfair trade practices perpetrated against him by Defendant.

15.    PRC's unlawful debt collection activities concern Plaintiff's emergency hospital visit at Physicians Regional Collier Boulevard Hospital in Naples, Florida, on or around July 11, 2025.

16.    The alleged debt is the result of Plaintiff's visit to an PRC's emergency room while he was on vacation in Naples, FL.

17.    Plaintiff went to the emergency room believing that he was experiencing an emergency medical situation in that he believed that he had such severe food poisoning he was experiencing extreme abdominal pain and dehydration.

18.    When Plaintiff arrived at the emergency room, he presented his medical insurance card with Blue Cross Blue Shield of Texas and inquired whether this visit would be in-network.

19.    The hospital assured Plaintiff that his visit would be in-network, limiting his expenses to $1,500 deductible or a $7,800 out-of-pocket maximum.

20.    Plaintiff reasonably relied on the hospital's repeated assurances that this visit would be in-network because he was aware that the charges would be excessive if his visit would be out of network.

3

21.     Further, Defendant PRC was obligated, pursuant to the No Surprises Act, Pub. L. 116-260, Division BB, Title I, codified at 42 U.S.C. § 300gg-111, et seq., to bill Plaintiff for emergency medical services rendered at the in-network cost-sharing rate applicable under Plaintiff's health insurance plan, notwithstanding Defendant PRC's status as an out-of-network provider, as Plaintiff received said emergency services while temporarily away from his primary place of residence and had no ability to select an in-network provider under the circumstances.

22.     On information and belief, the hospital failed to correctly file Plaintiff's claim with Plaintiff's insurance company as for emergency services, despite assuring Plaintiff that they would do so.

23.     The hospital's failure to properly file the claim obstructed Plaintiff's medical insurance from making the necessary reimbursements to Plaintiff's charges such that an excessive sum of approximately sixteen thousand eighty dollars and nineteen cents ($16,080.19) is unjustly being billed to Plaintiff.

24.     When Plaintiff disputed this bill with Blue Cross Blue Shield of Texas, they revealed that the hospital classified his treatment as a general admission rather than an emergency room admission despite the reality that he was admitted through the emergency room for emergency treatment.

25.     Plaintiff has had multiple conversations with PRC's representatives requesting that they amend their claim to his insurance company to show that the services were for emergency purposes and bill at Plaintiff's in-network rates. All of these requests have gone unanswered.

26.     On or around January 8, 2026, Defendant PAS sent Plaintiff a letter which was a debt collection attempt arising from the same emergency room visit.

27.    There, PAS attempted to collect on a debt in the amount of $14,608.63, which Plaintiff did not actually owe and had already disputed through his insurance provider and wiwth PRC.

28.    Once again, Plaintiff disputed the validity of the debt, only now with Defendant PAS.

29.    In his dispute, Plaintiff explained the reality behind the charges, which Defendant PAS responded to with an insufficient summary of financial charges that Defendant PRC had placed against him.

30.    In its response to Plaintiff's dispute, the summary of financial charges provided by PAS failed to address whether or not the charges pertained to emergency services, and failed to address how the services he received could be worth a claim of either $44,512.54, or the $14,608.63 which Defendant PRC was attempting to collect by and through Defendant PAS.

31.    In addition, PAS's summary of charges communicated that PRC had billed Plaintiff approximately $6,000 for IV treatment. On information and belief, this is an unfair or deceptive act or practice in the conduct of any trade or commerce because $6,000 is an outrageously high price for IV treatment.

32.    Defendant PRC's conduct here concerning Plaintiff's medical billing is an unconscionable act or practice because it is unconscionable to misfile an emergency care patient's treatment as non-emergency because that unjustly increases the patient's expenses.

33.    Defendant PRC's conduct here concerning Plaintiff's medical billing is an unfair or deceptive act or practice in the conduct of any trade or commerce because Defendant misrepresented its services or the costs of those services to Plaintiff, Plaintiff's insurance, and the

third-party debt collector Professional Account Services, Inc., in the course of Defendant's medical trade.

34.    In addition, Plaintiff's harassment, oppression, and abuse are the natural consequences of Defendant PAS's conduct because any consumer would suffer harassment, oppression, or abuse if a debt collector alleged an excessive debt that the consumer does not actually owe.

35.    As a result of Defendants' collective misconduct, Plaintiff has suffered damages in the form of interference with his usual and daily activities, intrusion to his privacy, reputational damages, harassment, oppression, and abuse.

### COUNT I – PHYSICIAN'S REGIONAL - COLLIER
### Violation of the Florida Consumer Collection Practices Act – Fla. Stat. § 559.72

36.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-35.

37.    Defendant PRC's violations of the Florida Consumer Collection Practices Act include, but are not limited to, the following violations.

38.    Defendant PRC violated Fla. Stat. § 559.72(5) by disclosing to a person other than the debtor or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.

39.    As a result of this conduct, action, and inaction of PRC, Plaintiff suffered damages and continues to suffer actual damages, including damage to reputation, mental and emotional distress, harassment, intrusion to privacy, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by a trier of fact.

6

40.     Pursuant to Fla. Stat. § 559.77, PRC is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.

41.     Pursuant to the same, the court may award punitive damages and may provide such equitable relief as it deems necessary or proper.

## COUNT II – PHYSICAIN'S REGIONAL - COLLIER
## Violation of the Florida Deceptive and Unfair Trade Practices Act – Fla. Stat. § 501.201

42.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above in paragraphs 1-35.

43.     Defendant's violations of the Florida Deceptive and Unfair Trade Practices Act include, but are not limited to, the following violations.

44.     Defendant violated Fla. Stat. § 501.204 by using unfair methods of competition in the conduct of any trade or commerce.

45.     Defendant violated Fla. Stat. § 501.204 by employing unfair or deceptive acts or practices in the conduct of any trade or commerce.

46.     As a result of this conduct, action, and inaction of Defendant, Plaintiff suffered damages and continues to suffer actual damages, including damage to reputation, mental and emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by a trier of fact.

47.     Pursuant to Fla. Stat. § 501.211, Plaintiff is aggrieved by Defendant's violations and may recover actual damages, plus attorney's fees and court costs.

///

///

///

7

## COUNT III – PROFESSIONAL ACCOUNT SERVICES, INC.
### Violation of the Fair Debt Collection Practices Act – 15 U.S.C. § 1692d

48.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-35.

49.     Defendant's violations of 15 U.S.C. § 1692d include, but are not limited to, the following violations.

50.     Defendant violated 15 U.S.C. § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with he collection of a debt.

51.     As a result of this conduct, action, and inaction of FDM, Plaintiff suffered damages and continues to suffer actual damages, including damage to reputation, mental and emotional distress, harassment, intrusion to privacy, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by a trier of fact.

## COUNT IV – PROFESSIONAL ACCOUNT SERVICES, INC.
### Violation of the Fair Debt Collection Practices Act – 15 U.S.C. § 1692e

52.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above in paragraphs 1-35.

53.     Defendant's violations of 15 U.S.C. § 1692e include, but are not limited to, the following violations.

54.     Defendant violated 15 U.S.C. § 1692e by using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

55.     Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of any debt.

56.    Defendant violated 15 U.S.C. § 1692e(2)(B) by falsely representing any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

57.    Defendant violated 15 U.S.C. § 1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

58.    As a result of this conduct, action, and inaction of Defendant, Plaintiff suffered damages and continues to suffer actual damages, including damage to reputation, mental and emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by a trier of fact.

### Prayer For Relief

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendants for violation of the Florida Consumer Collection Practices Act, the Florida Deceptive and Unfair Trade Practices Act, and the Fair Debt Collection Practices Act, and prays for the following:

a)  Actual damages to be proven at trial, pursuant to Fla. Stat. § 559.77.

b)  Actual damages to be proven at trial, pursuant to Fla. Stat. § 501.211.

c)  Additional statutory damages, pursuant to Fla. Stat. § 559.77.

d)  Punitive damages, pursuant to Fla. Stat. § 559.77.

e)  Attorney's costs and fees pursuant to Fla. Stat. § 559.77

f)  Attorney's costs and fees pursuant to Fla. Stat. § 501.211.

g)  Actual damages to be proven at trial, pursuant to 15 U.S.C. § 1692k(a)(1)

h)  Such additional statutory damages as the court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

i)   The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3); and

j)   Any further legal and equitable relief as the court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated: 06/18/2026                              Respectfully submitted,

*/s/ Mitchell Ortega*
Mitchell Ortega
Gator Law, P.C.
2 N Central Avenue, Ste. 1800
Phoenix, AZ 85004
P: (385) 324-5471
E: attorneys@gatorlawpc.com
Attorneys for Plaintiff,
DON REED